UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIRT GUYER, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MGT CAPITAL INVESTMENTS, INC., ROBERT B. LADD, JOHN MCAFEE, ROBERT S. LOWREY, BARRY C. HONIG, JOHN STETSON, MICHAEL BRAUSER, JOHN O'ROURKE III, and MARK GROUSSMAN,<br><br>　　　　　　　　　　　　Defendants. | 1:18-cv-09228-LAP<br><br>**MEMORANDUM OF LAW IN SUPPORT OF STEVE HEITZ'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br>CLASS ACTION |

　　　　Class member Steve Heitz respectfully submits this memorandum of law in support of his motion for:

　　　　(a) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

　　　　(b) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation.

**PRELIMINARY STATEMENT**

　　　　Presently pending in this District is the above-captioned securities class action brought on behalf of all persons or entities (the "Class") who purchased the securities of MGT Capital Investments, Inc. ("MGT" or the "Company") between October 9, 2015 and September 7, 2018, both dates inclusive (the "Class Period"), against Defendants for their alleged violations of the Exchange Act.

　　　　Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the

"Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Mr. Heitz satisfies these requirements and should be appointed Lead Plaintiff. First, Mr. Heitz lost $408,762.84 on his purchases of MGT securities during the Class Period. Mr. Heitz believes that his loss is the largest financial loss in the action and his substantial financial interest will ensure his vigorous prosecution of the Class' claims. Second, Mr. Heitz satisfies Federal Rules 23(a)(3) and (a)(4), as his claims are typical of the claims of the Class, he has no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class. Additionally, Mr. Heitz has selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, Mr. Heitz respectfully requests that the Court grant his motion to appoint him as Lead Plaintiff and to approve his selection of Bernstein Liebhard as Lead Counsel.

## SUMMARY OF THE COMPLAINT

From 2013 until April 2016, MGT described itself as "engaged in the business of acquiring, developing and monetizing assets in the online and mobile gaming space as well as the social casino industry." In May 2016, MGT announced it was transforming itself into a cybersecurity company. MGT currently engages in bitcoin mining, with operations in the State of Washington and Sweden.

The Complaint alleges that, throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendants were engaged in a pump-and-dump scheme to artificially inflate MGT's stock price; (2) this illicit scheme caused MGT to make false and misleading statements, which would result in governmental scrutiny, including from the SEC; (3) certain of the scheme Defendants exercised control over MGT and its

management; (4) consequently, the illicit scheme would ultimately cause MGT's stock to become delisted from the NYSE MKT; and (5) as a result, Defendants' statements about MGT's business and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. When the true details entered the market, the lawsuit claims that investors suffered damages.

On September 7, 2018, the U.S. Securities and Exchange Commission ("SEC") filed a lawsuit against a former officer of MGT as well as other individuals and corporations, alleging violations of the federal securities laws. The SEC complaint alleges that the defendants were participants in "highly profitable 'pump-and-dump' schemes…from 2013 through 2018" in the stock of three public companies, including MGT. The SEC complaint further alleges that the schemes "enrich[ed] Defendants by millions of dollars, [and] left retail investors holding virtually worthless shares."

On this news, MGT stock fell $0.195 per share, or over 33%, over the next two trading days to close at $0.395 per share on September 10, 2018, damaging investors.

## ARGUMENT

### I. THE COURT SHOULD APPOINT MR. HEITZ AS LEAD PLAINTIFF

#### A. The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff

within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)  has either filed the complaint or made a motion in response to an Early Notice;

ii) in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Mr. Heitz meets the foregoing criteria, and therefore is entitled to the presumption of being the "most adequate plaintiff" of the Class.

### B.  Mr. Heitz is the Most Adequate Plaintiff

Mr. Heitz respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, has the largest financial interest in

the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 1.     Mr. Heitz's Motion is Timely

On September 28, 2018, the Early Notice was published via *Business Wire*. *See* Declaration of Daniel Sadeh ("Sadeh Decl."), Ex. A. Accordingly, putative class members had until November 27, 2018 to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.")

Mr. Heitz has timely filed this motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of the complaint in this action and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Sadeh Decl., Ex. B. Accordingly, Mr. Heitz satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.     Mr. Heitz Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Heitz suffered losses of $408,762.84 in connection with his purchases of MGT securities during the Class Period. *See* Sadeh Decl., Ex. C. Mr. Heitz is not aware of any other movant that has suffered greater losses in MGT securities during the Class Period. Accordingly, Mr. Heitz has the largest financial interest in this litigation.

### 3. Mr. Heitz Satisfies the Requirements of Fed. R. Civ. P. 23

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (emphasis in original). Mr. Heitz satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*

#### (a) Mr. Heitz's Claims Are Typical of Those of the Class

A lead plaintiff movant is typical of other proposed class members under Rule 23 if "its claims…arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." *Kukkadapu v. Embraer S.A.*, 2016 WL 6820734, at *2 (S.D.N.Y. Oct. 20, 2016).

Mr. Heitz's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and
- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Mr. Heitz as to all members of the Class. Since Mr. Heitz's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### (b) Mr. Heitz Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

Mr. Heitz is an adequate Lead Plaintiff. Mr. Heitz and members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Mr. Heitz's substantial financial stake in the litigation, Class members can be assured that Mr. Heitz has the incentive to vigorously prosecute the claims.

Additionally, Mr. Heitz has further demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide.

## II. THE COURT SHOULD APPROVE MR. HEITZ'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Sadeh Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Mr. Heitz respectfully requests that this Court: (1) appoint him as Lead Plaintiff; and (2) approve his selection of Bernstein Liebhard as Lead Counsel for the litigation.

Dated: November 27, 2018

Respectfully submitted,

/s/ Daniel Sadeh
**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
Laurence J. Hasson
Daniel Sadeh
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  bernstein@bernlieb.com
 lhasson@bernlieb.com
 dsadeh@bernlieb.com

*Counsel for Steve Heitz and Proposed Lead Counsel for the Proposed Class*

## CERTIFICATE OF SERVICE

I, Daniel Sadeh, hereby certify that on November 27, 2018, a true and correct copy of the annexed **MEMORANDUM OF LAW IN SUPPORT OF STEVE HEITZ'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: November 27, 2018                                /s/ Daniel Sadeh
                                                                      Daniel Sadeh