UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
OH, ET AL., INDIVIDUALLY AND ON                                   :
BEHALF OF ALL OTHERS SIMILARLY                                    :
SITUATED,                                                         :
                                                                  :
                    Plaintiffs                                     :
                                                                  :   Case No.  1:18-cv-09228 (ER)
    - against -                                                :
                                                                  :
MGT CAPITAL INVESTMENTS, INC. AND                                 :
ROBERT B. LADD,                                                   :
                                                                  :
                    Defendants.                                    :
------------------------------------------------------------------x

## CONFIDENTIALITY STIPULATION AND ORDER
## GOVERNING CONFIRMATORY DISCOVERY MATERIALS

      WHEREAS, the parties, Peter Oh, Kevin Joo Hoon Koo, Sam Koo, Dae C. Paek, and Monica Paek (collectively, "Lead Plaintiff") on behalf of the class of all those similarly situated ("Class Plaintiffs" and, together with Lead Plaintiff, "Plaintiffs"), and MGT Capital Investments, Inc. and Robert B. Ladd (collectively, "Defendants") in the above-captioned action (the "Litigation") have reached an agreement to settle the Litigation (the "Settlement"), subject to the final approval thereof by this Court;

      WHEREAS, on May 28, 2019, the parties entered into a Binding Settlement Term Sheet (the "Term Sheet") that set forth the terms associated with the agreed-upon Settlement;

      WHEREAS, Section C of the Term Sheet requires Defendants to provide Plaintiffs' Counsel ("Class Counsel") with confirmatory discovery;

      WHEREAS, the confirmatory discovery involves the production of information that Defendants believe is, and Plaintiffs agree may be, confidential, proprietary and/or commercially sensitive information; and

WHEREAS, good cause exists for entry of this proposed Confidentiality Stipulation and Order Governing Confirmatory Discovery Materials (the "Stipulation and Order");

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, pursuant to Fed. R. Civ. P. Rules 26(c) and 29 and subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of documents and any other information or material produced, given, exchanged or filed by or among the parties and any non-parties to this action as confirmatory discovery in the Litigation (such information or material hereinafter referred to as "Confirmatory Discovery Material").

1. **Confirmatory Discovery Material**. Without limitation, "Confirmatory Discovery Material" shall include the following: (i) all documents and other materials previously produced in connection with the Settlement discussions; (ii) all documents and other materials produced to Plaintiffs as confirmatory discovery pursuant to Section C of the Term Sheet and/or the Stipulation of Settlement, such as confirmatory document discovery; and (iii) any information copied or extracted from such documents and other materials, as well as copies, excerpts, summaries, or compilations thereof.

2. **Use of Confirmatory Discovery Material**. Except as explicitly set forth herein, all Confirmatory Discovery Material, and any information contained therein or derived therefrom, shall only be used in this Litigation for the purpose of evaluating the settlement of claims and potential claims against Defendants in the Litigation and any representations made in connection with the settlement, and for no other purpose; and shall not be disclosed to anyone, except counsel in this action, provided that nothing herein shall preclude Class Counsel from disclosing Confirmatory Discovery Material or its contents to any Lead Plaintiff, subject to such Lead Plaintiff confirming the Lead Plaintiff's understanding and agreement to abide by the terms

of this Stipulation and Order by signing a copy of the undertaking attached hereto as Exhibit A (the "Undertaking").  Notwithstanding anything to the contrary contained herein, Confirmatory Discovery Material may be disclosed to the Court *in camera* or filed under seal, if necessary to support the Settlement, the plan of allocation or the fee application of counsel for Plaintiffs.  The provisions governing the use of Confirmatory Discovery Material in the Court shall also apply to any proceedings in connection with any appeal.  Additionally, Confirmatory Discovery Material may also be used in seeking to prosecute Section 16(b) claims to recover short swing trading profits from third parties for the benefit of the Class, or to pursue other additional claims against third parties in connection with the events and circumstances underpinning the claims in the Action ("Collateral Litigation"). For the sake of clarity, the Plaintiffs and Defendants acknowledge and agree that the Confirmatory Discovery may be used in Collateral Litigation, but shall not under any circumstances be used in this Litigation or any manner against the Released Parties as defined in the Term Sheet or the Stipulation of Settlement.  Any and all court filings containing or reflecting Confidential Discovery Material shall be filed under seal pursuant to the procedures and protocols of the relevant court.

      3.    **Undertakings to Be Bound by the Stipulation and Order**.  Counsel for the party showing Confirmatory Discovery Material to any person required to execute an Undertaking pursuant to Paragraph 2 shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

      4.    **Return and/or Destruction of Confirmatory Discovery Material**.  Within thirty (30) days after all matters relating to the Settlement, and fees and expenses, are finally resolved (including all appeals), all Confirmatory Discovery Material and copies thereof, shall, to the extent commercially reasonable (which shall mean to the extent practicable in good faith

and shall not require exhaustive or expensive steps by any party), either be returned to counsel of record for the producing party or destroyed, unless such material is being properly used as contemplated herein in the context of the prosecution of Collateral Litigation against third parties, in which case all such Confidential Discovery Material shall be destroyed or returned within 30 days of the final resolution (including appeals) of such Collateral Litigation.  Upon destruction or return of the Confidential Discovery Material, Plaintiffs' Counsel shall certify in writing that such documents have been returned or destroyed, or the Confirmatory Discovery Material deleted therefrom.

     5.     **No Waiver or Privileges or Protections from Disclosure**.  In order to facilitate the production of Confirmatory Discovery Material and in furtherance of the parties' joint interests in connection with the Settlement, Plaintiffs and Defendants understand and agree that, to the extent that the Confirmatory Discovery Material may include materials subject to the attorney-client privilege, work-product doctrine or other applicable privilege or protection from disclosure, the production of such Confirmatory Discovery Material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege, work product doctrine or any other applicable privilege or protection from disclosure.  The parties further agree that, if Defendants at any time notify Plaintiffs' counsel that any Confirmatory Discovery Material is subject to a claim of privilege or other protection from disclosure, or if Plaintiffs discover that such material has been inadvertently produced, Plaintiffs shall return the specified information, testimony, or documents and any copies they have, to the producing party within five (5) business days of receipt of such notice or discovery and shall not use or disclose such items for any purpose.  Additionally, the parties agree that any failure by Defendants either to provide notice to Plaintiffs' counsel that

4

particular Confirmatory Discovery Material is subject to a claim of privilege or other protection from disclosure or to request the return of such Confirmatory Discovery Material will not waive the claim of privilege or other protection from disclosure as to that Confirmatory Discovery Material.

      6.      **Information Not Subject to the Terms of this Stipulation**. This Stipulation and Order has no effect upon, and shall not apply to, a party's use or disclosure of its own privileged or otherwise protected information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material obtained lawfully by such party independently of the confirmatory discovery process and this Stipulation and Order. Additionally, if any party obtains information, documents or other material contained in the Confidential Discovery Material through any other source or mechanism, the terms of this Stipulation shall not constrain or limit the use of such independently obtained information, documents or other material.

      7.      **Receipt of Subpoena or Other Compulsory Legal Process**. If any party receives a subpoena or other compulsory legal process from a non-party to this Stipulation and Order seeking production or other disclosure of Confirmatory Discovery Material, that party shall, except as provided by law, (i) give prompt written notice by email or facsimile transmission within three (3) business days of receipt of such subpoena or other compulsory legal process to counsel for the party that produced the material, and (ii) refrain from producing any Confirmatory Discovery Material in response to such subpoena or other compulsory legal process until the earlier of receipt of written notice from the party that produced the material that such party does not object to production of the Confirmatory Discovery Material, or resolution of any objection asserted by the party that produced the material either by agreement or by order of

the court with jurisdiction over the objection; <u>provided</u>, however, that if, after receiving notice pursuant to clause (i) of this paragraph, the party that produced the material does not assert a timely objection in the appropriate court before the response to the subpoena or other compulsory legal process is due, then production of the Confirmatory Discovery Material pursuant to the subpoena or other compulsory legal process shall not constitute a violation of this Stipulation and Order.  Production of Confirmatory Discovery Material to a non-party to this Stipulation and Order in response to a subpoena or other compulsory legal process shall have no effect upon the status of such Confirmatory Discovery Material under this Stipulation and Order.

8. **Limitation on Duplication**.  The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulation and Order, to control duplication of, access to, and distribution of copies of Confirmatory Discovery Material.

9. **Reservation or Rights**.  This Stipulation and Order shall be without prejudice to the right of any party to oppose disclosure of any document or information for any reason; to object on any grounds to the authenticity or admissibility into evidence of any document, testimony or other evidence; or to seek additional protection for any confidential information or to petition the Court for a further protective order relating to any confidential information.

10. **Jurisdiction**.  All persons who have access to information or material produced according to this Stipulation and Order acknowledge that they are bound by this Stipulation and Order and submit to the jurisdiction of this Court for purposes of enforcing this Stipulation and Order.

11. **Survival**.  Final termination of this Action shall not terminate the limitations on use and disclosure imposed by this Stipulation and Order, which shall remain in effect until the

parties agree otherwise or the Court otherwise directs, and subject to the provisions of Paragraph 12 of this Stipulation and Order.

12. **Preservation of Discovery Rights Upon Termination**.  In the event that the Settlement of the Action is not approved or is otherwise terminated in accordance with the Term Sheet or the final settlement documentation that may be agreed upon by the parties, nothing in this Stipulation and Order shall preclude counsel for Plaintiffs from thereafter independently seeking discovery of any documents or information from Defendants, including material that was previously designated Confirmatory Discovery Material, or preclude Defendants from objecting to any request by Class Counsel for such documents or information, in accordance with the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995. Nothing in this Stipulation shall affect the preservation obligations of any party under Section 21D(b)(3)(C) of the Exchange Act, 15 U.S.C. § 78u-4(b)(3)(C).

13. **Agreement to Be Bound**.  The parties agree to be bound by the terms of this Stipulation and Order pending its entry by this Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of the Stipulation and Order's terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by this Court.  The terms of this Stipulation and Order shall become binding on each party upon signature hereto, even if other parties have not yet signed.  The signature of one Class Counsel for Plaintiffs shall be sufficient to bind all Plaintiffs and their counsel.

14. **Entire Agreement**. This Agreement contains the entire agreement between Plaintiffs and Defendants regarding its subject matter.

15. **Execution**. This Stipulation and Order may be executed by email, facsimile or conformed signature and may be executed in one or more counterparts, each of which shall be deemed an original, but all or which together shall constitute but one agreement.

The parties, by their undersigned counsel, hereby consent to the entry of the foregoing Order.

June 27, 2019

| LEVI & KORSINSKY, LLP | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
|---|---|
| BY:    /s/ Donald J. Enright<br>Shannon L. Hopkins, Esq.<br>Sebastian Tornatore, Esq.<br>1111 Summer Street, Suite 403<br>Stamford, CT 06905<br>Tel.: (203) 992-4523<br>Fax: (212) 363-7171<br><br>- and -<br><br>Donald J. Enright<br>Elizabeth K. Tripodi<br>John A. Carriel<br>1101 30th Street, N.W., Suite 115<br>Washington, DC 20007<br>Tel.: (202) 524-4290<br>Fax: (202) 333-2121<br><br>*Counsel for Lead Plaintiff and the Class* | BY:   /s/ Jeffrey W. Davis<br>Jeffrey W. Davis<br>John P. Coffey<br>Daniel M. Ketani<br>Karen S. Kennedy<br>1177 Avenue Of The Americas<br>New York, NY 10036<br>Tel.: (212) 715-9172<br>Fax: (212) 715-7509<br><br>*Counsel for Defendant MGT Capital Investments, Inc.*<br><br>COOLEY LLP<br><br>BY:     /s/ Randall R. Lee<br>Randall R. Lee<br>1333 2nd Street, Ste. 400<br>Santa Monica, CA 90401<br>Tel.: (310) 883-6400<br>Fax: (310) 883-6500<br><br>*Counsel for Defendant Robert B. Ladd* |

SO ORDERED.

Dated:

New York, New York

Hon. Edgardo Ramos
United States District Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
OH, ET AL., INDIVIDUALLY AND ON :
BEHALF OF ALL OTHERS SIMILARLY :
SITUATED, :
:
                Plaintiffs :
: Case No. 1:18-cv-09228 (ER)
    - against - :
:
MGT CAPITAL INVESTMENTS, INC. AND :
ROBERT B. LADD, :
:
              Defendants. :
---------------------------------------------------------------x

### CERTIFICATION RE: CONFIDENTIAL
### CONFIRMATORY DISCOVERY MATERIAL

      I hereby certify (i) my understanding that confidential Confirmatory Discovery Material is being provided to me pursuant to the terms and conditions of the Confidentiality Stipulation and Order Governing Confirmatory Discovery Materials (the "Order") entered by the United States District Court for the Southern District of New York (the "Court"), and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand that any violation of the terms of this Stipulation and Order shall be punishable by relief deemed appropriate by the Court.

                                                                  _____
                                                                    Signature

Date: _____