**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIRT GUYER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MGT CAPITAL INVESTMENTS, INC., and ROBERT B. LADD,<br><br>Defendants. | C.A. No. 1:18-cv-09228<br><br>Hon. Edgardo Ramos<br><br>CLASS ACTION |

**DECLARATION OF DONALD J. ENRIGHT IN SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**

I, Donald J. Enright, hereby declare as follows:

1. I am a partner of the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky, LLP"), attorneys for Lead Plaintiffs Peter Oh, Kevin Joo Hoon Koo, Sam Koo, Dae C. Paek, and Monica Paek (collectively, "Lead Plaintiff") and Lead Counsel in the above-captioned action ("Action"). I am admitted to practice before this Court and have personal knowledge of the various matters set forth herein based on my day-to-day participation in the prosecution and settlement of this Action. I submit this Declaration in support of Lead Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement.

2. Unless otherwise defined, capitalized terms herein have the same meaning as set forth in the Stipulation of Settlement, dated September 24, 2019 (the "Stipulation").

**STATEMENT OF FACTS**

3. On September 28, 2018 Nathanael Klingberg filed a Class Action Complaint for Violation of the Federal Securities Laws, captioned *Klingberg v. MGT Capital Investments, Inc .*,

Case No. 2:18-cv-14380-WHW (the "*Klingberg* Action") in the United States District Court for the District of New Jersey (the "New Jersey Court") asserting claims under §§9(a) and (f), 10(b), 20(a) and (b) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule l0b-5 promulgated thereunder (17 C.F.R. §240. I 0b-5) against MGT, Ladd, John McAfee, Robert S. Lowrey, Barry C. Honig, John Stetson, Michael Brauser, John O' Rourke III, and Mark Groussman.

4. On October 9, 2018, Kirt Guyer filed a Class Action Complaint for Violation of the Federal Securities Laws, captioned *Guyer v. MGT Capital Investments, Inc., et al.,* Case No. l: I 8- cv-9228-ER (the "Action") in the United States District Court for the Southern District of New York (the "Court") asserting claims under §§9(a) and (f), l0(b), 20(a) and (b) of the Exchange Act and SEC Rule 1 0b-5 promulgated thereunder (17 C.F.R. §240.1 0b-5) against MGT, Ladd, John McAfee, Robert S. Lowrey, Barry C. Honig, Jolm Stetson, Michael Brauser, John O'Rourke III, and Mark Groussman.

5. On September 28, 2018, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), counsel for Plaintiff Klingberg published notice on *Business Wire* informing other potential class members of their right to move for appointment as lead plaintiff for the putative Class.

6. On November 27, 2018, Lead Plaintiff moved to be appointed lead plaintiff and moved for their attorneys, Levi & Korsinsky, to be appointed Class Counsel. On January 9, 2019, the Court appointed Lead Plaintiff as such, and appointed Levi & Korsinsky as Class Counsel.

7. From January 9, 2019, through May 14, 2019, Lead Plaintiff, through counsel, diligently investigated the claims against the Defendants including analyzing publicly-filed documents and investigative reports and reviewing and corroborating the allegations and

developments in the ongoing SEC enforcement action against Defendant Ladd and several nonparties in *SEC v. Honig, et al.*, No. 18- cv-08175 (Sept. 7, 2018 S.D.N. Y.) (the "SEC Action").

8. On May 14, 2019, Lead Plaintiff filed an Amended Complaint for Violations of the Federal Securities Laws (the "AC") on behalf of themselves and all persons or entities who purchased or otherwise acquired the securities of MGT between October 9, 2015 and September 7, 2018, inclusive (the "Class Period") pursuant to §§ 10(b) and 20(a) of the Exchange Act and SEC Rule 1 0b-5 promulgated thereunder, against the Defendants.

9. On May 15, 2019, the *Klingberg* Action was voluntarily dismissed pursuant to Federal Rule of Civil Procedure 4l(a)(l)(A). Beginning before the filing of the AC, and ending thereafter, and after vigorous arm's-length negotiations, Lead Plaintiff and the Defendants agreed to the terms set forth in this Stipulation.

**The Settlement**

10. After Lead Plaintiff filed the AC, Lead Counsel and Defendants' Counsel commenced a dialogue to discuss the procedural posture of this Action, forthcoming pleadings, and the Parties' initial positions concerning the merits and strength of the allegations and potential defenses. During the months that followed counsel for the Parties continued to undertake meaningful discussions of their views of the merits, strength, and risks concerning this Action. As part of these discussions, Defendants' Counsel disclosed that MGT's applicable insurance policies that could serve as the basis to pay any judgment or fund any potential settlement of the claims alleged in the Action had been nearly depleted as a result of the parallel SEC Action.

11. Lead Counsel investigated the defenses that Defendants' Counsel discussed during its calls and also investigated Defendants' ability to fund any judgment or settlement in excess of the coverage provided under MGT's insurance policy. From this research, Lead Counsel

concluded that even if Lead Plaintiff was able to achieve a judgment in the Action against Defendants in a timely matter that the ability of Defendants to fund such a judgment would likely be limited. Foremost among these considerations was the fact that the SEC Action was seeking substantially similar remedies through substantially similar claims against these same Defendants, which would likely exhaust the Defendants' ability to pay any judgment in this Action, and would be largely duplicative of any relief obtained by the SEC Action. Accordingly, Lead Counsel recognized that the enforcement of any judgment would be likely be costly, complicated, and hindered by, among other things, MGT's limited insurance coverage to satisfy the judgment, its financial position, and the parallel SEC Action. It is important to note that Lead Counsel considered the strong likelihood that any funds recovered as a result of the SEC Action against Defendants will be placed in an SEC "Fair Fund" and distributed to the same investors as those comprising the Class in the instant Action.

12. Thereafter, Defendants' Counsel and Lead Counsel explored the possibility of finding an amicable resolution of the Action. During the weeks that followed, negotiations ensued between the Parties that resulted in an agreement in principle on May 24, 2019 to resolve the claims against MGT and Ladd in this Action.

13. Following the parties entry into the agreement in principle on May 24, MGT provided Lead Plaintiff and Lead Counsel with all documents previously produced by MGT to the SEC in connection with the SEC's investigation of MGT (the "Confirmatory Discovery"). Under the circumstances, Lead Plaintiff and Lead Counsel believed that such production constituted reasonable discovery to allow Lead Plaintiff and Lead Counsel to evaluate the fairness, reasonability and adequacy of the Settlement.

14. To memorialize the agreement in principle, the Parties subsequently negotiated the Stipulation. The Stipulation, which sets forth the final terms and conditions of the Settlement, includes, among other things, a release of all claims asserted against Defendants in the Action in return for: (a) a cash payment by the Defendants in the amount of $750,000 into a Settlement Fund for the benefit of the Settlement Class; and (b) simultaneously with transfer of the Settlement Amount, MGT shall be deemed to (i) reject Lead Plaintiffs' demand to recover "short swing" profits from statutory insiders' trades that took place during the Class Period, pursuant to Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), and (ii) to the maximum extent permitted by law, assign any and all rights, interest or title to any potential proceeds obtained in prosecuting any claims under Section 16(b) against third parties to the Class. MGT's assignment of potential Section 16 Interests present the possibility of further recovery for the Class in the form of short swing trading profits.

15. However, for the sake of clarity, Lead Plaintiff, Class Plaintiffs, and all of the Releasing Parties shall retain the right to submit a claim and receive further remuneration from any funds recovered by the United States Securities and Exchange Commission in connection with its litigation against any of the Released Parties, through the mechanism of a Fair Fund or any similar disgorgement process.

16. In light of the significant risks of proceeding with further litigation, including the risks that Defendants would be successful in dismissing the action, the inability of Defendants to later pay for any settlement or satisfy any judgment, Lead Plaintiff and Lead Counsel determined that the proposed Settlement represents the best possible result for the Settlement Class.

**The Risks in Continuing the Litigation of the Action**

17. Lead Plaintiff and Lead Counsel are cognizant of the fact that assuming success on all issues of liability and damages would be imprudent.

18. MGT's financial position is currently severely compromised and there is no guarantee that it will improve between now and when a judgment may be obtained. Indeed, the Company's Annual Report on Form 10-K filed with the SEC on April 16, 2019 stated unequivocally that there was "substantial doubt about the Company's ability to continue as a going concern."

19. Moreover, given the ongoing SEC Action and the exhaustion of Defendants' D&O insurance coverage, Lead Plaintiff and Lead Counsel considered it likely that MGT's financial position will continue to deteriorate. "

20. Lead Plaintiff and Lead Counsel believe that this is a favorable outcome for the Class as it secures an immediate benefit in light of the risks to proving liability, the absence of any insurance policies to pay for any larger settlement amount or judgment that may be achieved in the litigation, the current financial position of MGT, the continuing pendency of the SEC Action, and the costs and difficulties in litigating this case and leveraging any resulting judgment.

**Compensation of Lead Counsel**

21. In exchange for our efforts, Lead Counsel intends to seek an award of attorneys' fees and expenses in an amount equal to $187,500, or 25% of the Settlement Fund. Lead Counsel also intends to request reimbursement no more than $50,000 for the expenses it has incurred in prosecuting this Action. The 25% comports with the Second Circuit's precedent on this issue.

22. There are no agreements between Lead Plaintiff and Lead Counsel, on the one hand, and Defendants or Defendants' Counsel, on the other hand, except for those agreements detailed in the Stipulation.

**The Plan of Allocation, MGT Securities, and Other Individual Actions**

23. The Plan of Allocation was created by Lead Counsel and is consistent with the theories of damages alleged in the Complaint under the Securities Exchange Act of 1934.

24. From the beginning of the Class Period until September 7, 2018, MGT securities were listed on the NASDAQ.

25. Lead Counsel is not aware of any individual class member interested in bringing its own action against Defendant for securities fraud.

**Exhibits**

26. Attached hereto as Exhibit 1 is a true and correct copy of the Stipulation as executed on September 24, 2019.

27. Attached Exhibit A is a true and correct copy of Levi & Korsinsky, LLP's firm resume.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of October, 2019.

Donald J. Enright