# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIRT GUYER, Individually and on Behalf of All Others Similarly Situated, | C.A. No. 1:18-cv-09228 |
| Plaintiff, | Hon. Edgardo Ramos |
| v. | CLASS ACTION |
| MGT CAPITAL INVESTMENTS, INC., and ROBERT B. LADD, | |
| Defendants. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is entered into by and

between Court-appointed Lead Plaintiffs Peter Oh, Kevin Joo Hoon Koo, Sam Koo, Dae C. Paek,

and Monica Paek (collectively, the "Southern California Plaintiffs Group" or "Lead Plaintiff") on

behalf of themselves and the Class (as defined below), and Defendants MGT Capital Investments,

Inc. ("MGT") and Robert B. Ladd ("Ladd" and together with MGT, the "Defendants"), by and

through their respective counsel.[1] The Stipulation is intended by Lead Plaintiff and the Defendants

(collectively, the "Parties") to fully, finally, and forever resolve, discharge, release and settle the

Settled Claims, as defined below, upon and subject to the terms and conditions hereof.

WHEREAS:

A.      On September 28, 2018, Nathanael Klingberg filed a Class Action Complaint for

Violation of the Federal Securities Laws, captioned *Klingberg v. MGT Capital Investments, Inc.*,

Case No. 2:18-cv-14380-WHW (the "*Klingberg* Action") in the United States District Court for

the District of New Jersey (the "New Jersey Court") asserting claims under §§9(a) and (f), 10(b),

---

[1] Additional capitalized terms used in this Stipulation are defined below under the heading
"Certain Definitions."

20(a) and (b) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5) against MGT, Ladd, John McAfee, Robert S. Lowrey, Barry C. Honig, John Stetson, Michael Brauser, John O'Rourke III, and Mark Groussman;

B.      On October 9, 2018, Kirt Guyer filed a Class Action Complaint for Violation of the Federal Securities Laws, captioned *Guyer v. MGT Capital Investments, Inc., et al.*, Case No. 1:18-cv-9228-ER (the "Action") in the United States District Court for the Southern District of New York (the "Court") asserting claims under §§9(a) and (f), 10(b), 20(a) and (b) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5) against MGT, Ladd, John McAfee, Robert S. Lowrey, Barry C. Honig, John Stetson, Michael Brauser, John O'Rourke III, and Mark Groussman;

C.      On September 28, 2018, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), counsel for Plaintiff Klingberg published notice on *Business Wire* informing other potential class members of their right to move for appointment as lead plaintiff for the putative Class;

D.      On November 27, 2018, Lead Plaintiff moved to be appointed lead plaintiff and moved for their attorneys, Levi & Korsinsky, LLP ("Levi & Korsinsky"), to be appointed Class Counsel;

E.      On January 9, 2019, the Court appointed Lead Plaintiff as such, and appointed Levi & Korsinsky as Class Counsel;

F.      From January 9, 2019, through May 14, 2019, Lead Plaintiff, through counsel, diligently investigated the claims against the Defendants including analyzing publicly-filed documents and investigative reports and reviewing and corroborating the allegations and

developments in the ongoing SEC enforcement action against Defendant Ladd and several non-parties in *SEC v. Honig, et al.*, No. 18- cv-08175 (Sept. 7, 2018 S.D.N.Y.) (the "SEC Action");

G.       On May 14, 2019, Lead Plaintiff filed an Amended Complaint for Violations of the Federal Securities Laws ("AC"), on behalf of themselves and all persons or entities who purchased or otherwise acquired the securities of MGT between October 9, 2015 and September 7, 2018, inclusive (the "Class Period") pursuant to §§10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder, against the Defendants;

H.       On May 15, 2019, the *Klingberg* Action was voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A);

I.       Beginning before the filing of the AC, and ending thereafter, and after vigorous arm's-length negotiations, Lead Plaintiff and the Defendants agreed to the terms set forth in this Stipulation;

J.       Defendants have denied and continue to deny that they have committed any act or omission giving rise to any liability and/or violation of law. Defendants further deny that they made any material misstatements or omissions, that Lead Plaintiff or the Class have suffered any damages, or that Lead Plaintiff or the Class were harmed by any conduct alleged in the Action or that could have been alleged therein. Neither the Settlement (as defined below), nor this Stipulation, whether or not consummated, nor any of its terms nor any proceedings relating thereto, shall be construed as, or deemed to be evidence of, an admission or concession on the part of any Settling Defendant with respect to any claim of any fault or wrongdoing or damage whatsoever, or of any infirmity in any defense that the Defendants have or could have asserted. Defendants do not admit any liability or wrongdoing in connection with the allegations set forth in the Action, or any facts related thereto;

- 3 -

K.     Defendants represent that they are entering into this Settlement to eliminate the burden and expense of further litigation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation;

L.     Class Counsel represents that they have conducted a diligent investigation into the claims and the underlying events and transactions alleged in this Action. Among other things, Class Counsel have analyzed public filings, records, analyst reports, news stories, and the ongoing SEC Action. Finally, Class Counsel have also consulted with certain experts and other consultants regarding issues of market efficiency and damages allegedly suffered by Lead Plaintiff and the Class resulting from the claims in the Action;

M.     Based on their investigation and review, Lead Plaintiff and Class Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiff and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants, including the inherent uncertainties and risks of any complex securities litigation, including enforcing a judgment and collecting damages separate and apart from insurance policies, enforcing a judgment and collecting from MGT, which as of December 31, 2018, had $523,000 in "Total assets" according to the Consolidated Balance Sheets included in the Form 10-K it filed with the SEC on April 16, 2019 (the "2019 Form 10-K"). Lead Plaintiff and Class Counsel also recognize MGT's dire financial condition that, according to the 2019 Form 10-K, gives rise to a "substantial doubt about the Company's ability to continue as a going concern." Thus, after weighing the substantial and immediate benefits that the Class will receive under the Settlement against the risks, costs and uncertainties of further litigation, Lead

- 4 -

Plaintiff and Class Counsel believe, subject to Confirmatory Discovery (defined below), that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Class and are in its best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation.

NOW THEREFORE, without any admission or concession whatsoever on the part of Lead Plaintiff or Class Counsel of any lack of merit of the Action, and without any admission or concession whatsoever on the part of the Defendants of any liability or wrongdoing on their part or of any lack of merit in their defenses, it is hereby STIPULATED AND AGREED, by and among the Parties to this Stipulation through their respective undersigned attorneys, and subject to approval of the Court, that, in consideration of the benefits flowing to the Parties hereto from the Settlement, all Settled Claims (as defined below) as against the Released Parties (as defined below) and all Settled Defendants' Claims (as defined below) as against the Released Plaintiff Parties (as defined below) shall be compromised, settled, released, and dismissed with prejudice, and without costs, except for as agreed to herein, upon and subject to the following terms and conditions:

## **CERTAIN DEFINITIONS**

As used in this stipulation, the following terms shall have the following meanings:

(a)     "Action" means *Guyer v. MGT Capital Investments, Inc*., *et al*., Case No. 1:18-cv-9228-ER, pending in the United States District Court for the Southern District of New York.

(b)     "Alternative Judgment" has the meaning ascribed to that term in ¶28(f) below.

(c)     "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

(d)     "Claims Administrator" means Strategic Claims Services or such other entity as the Court shall appoint to provide notice and administer the Settlement.

(e)     "Class" means, for the purposes of this Settlement only, all persons or entities that purchased or otherwise acquired MGT securities between October 9, 2015 and September 7, 2018, inclusive, and that were allegedly damaged thereby. Excluded from the Class are Defendant Ladd, current and former officers and directors of MGT, Barry C. Honig ("Honig"), Michael Brauser ("Brauser" ), John R. O'Rourke ("O'Rourke"), Stetson ("Stetson"), Mark Groussman ("Groussman"), John H. Ford ("Ford," and together with Honig, Brauser, O'Rourke, Stetson, and Groussman, the "Honig Co-Investors") and members of the Honig Co-Investors' immediate families and any corporation, trust, or other entity in which any of the Honig Co-Investors has or had a controlling interest. Also excluded from the Class are: the Defendants; all current or former officers or directors of MGT, its affiliates, parents or subsidiaries; any corporation, trust or other entity in which any Settling Defendant has or had a controlling interest; the members of the immediate families of the Defendants; the parents, subsidiaries and affiliates of MGT; and the legal representatives, heirs, successors, or assigns of any excluded Person. Also excluded from the Class will be any Person who timely and validly seeks exclusion from the Class in accordance with the requirements of the Notice.

(f)     "Class Distribution Order" means an order of the Court approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted and approving any fees and expenses not previously paid (including the unpaid fees and expenses of the Claims Administrator) and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

(g)     "Class Plaintiff" means any person or entity that is a member of the Class and not excluded therefrom.

- 6 -

(h)     "Company" means MGT Capital Investments, Inc.

(i)     "Court" means the United States District Court for the Southern District of New York.

(j)     "Effective Date of Settlement" or "Effective Date" means the date upon which the
Settlement contemplated by this Stipulation shall become effective, as set forth in ¶28
below.

(k)     "Escrow Agent" means Huntington National Bank.

(l)     "Fee and Expense Award" refers to any award of attorneys' fees and expenses by the Court
to Class Counsel as described in ¶13.

(m)     "Final" means when the last of the following with respect to the Final Judgment or any
Alternative Judgment (as defined in ¶28(f) below) shall occur: (i) the expiration of the time
to file a motion to alter or amend the Final Judgment or Alternative Judgment under Federal
Rule of Civil Procedure 59(b) without any such motion having been filed, or if such a
motion is filed, the determination of that motion in such a manner as to permit the
consummation of the Settlement, in accordance with the terms and conditions of this
Stipulation; (ii) if there is an appeal from the Final Judgment or Alternative Judgment, the
date of final affirmance on appeal or review of the Final Judgment or Alternative Judgment
and the expiration of the time for any further judicial review whether by appeal,
reconsideration, or a petition for a writ of certiorari; or (iii) if there is no appeal from the
Final Judgment or Alternative Judgment, the expiration of the time for the filing or noticing
of any appeal from the Final Judgment or Alternative Judgment.

(n)     "Final Judgment" means the proposed judgment to be entered by the Court approving the
Settlement, substantially in the form attached hereto as Exhibit B.

(o)     "Class Counsel" or "Plaintiff's Counsel" means the law firm of Levi & Korsinsky, LLP.

- 7 -

(p)     "Lead Plaintiff" means the Southern California Plaintiffs Group consisting of Peter Oh, Kevin Joo Hoon Koo, Sam Koo, Dae C. Paek, and Monica Paek.

(q)     "Net Settlement Fund" shall have the meaning ascribed to it in ¶8 below.

(r)     "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, which is to be provided to Class members consistent with the terms set forth herein, and which, subject to the approval of the Court, shall be substantially in the form attached as Exhibit A-1 to Exhibit A hereto.

(s)     "Order for Notice and Hearing" means the proposed order to be entered by the Court preliminarily approving the Settlement and directing notice thereof to the Class, and which, subject to the approval of the Court, shall be substantially in the form attached as Exhibit A hereto.

(t)     "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, limited liability company or corporation, variable interest entity, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, including his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

(u)     "Plan of Allocation" means the plan described in the Notice or any alternate plan approved by the Court whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation, and the Released Parties shall have no responsibility therefore or liability with respect thereto.

(v)     "Postcard Notice" means the postcard notice of proposed Settlement and hearing for mailing consistent with the terms set forth herein, which, subject to the approval of the Court, shall be substantially in the form attached as Exhibit A-2 to Exhibit A hereto.

(w)     "Proof of Claim" means the Proof of Claim and Release to be submitted to Class Plaintiffs, substantially in the form attached as Exhibit A-3 to Exhibit A hereto.

(x)     "Released Parties" means the Defendants; their past, present or future directors and officers, employees, partners, insurers, co-insurers, reinsurers, attorneys, advisors, investment advisors, personal or legal representatives, agents, assigns, executors, estates, administrators, related or affiliated persons or entities, predecessors, successors, parents, subsidiaries, affiliated variable interest entities, divisions and joint ventures; any entity in which any Settling Defendant has a controlling interest; the Defendants' immediate family members, spouses and marital communities; and any trust of which any Settling Defendant is the settlor or which is for the benefit of any of their immediate family members.

(y)     "Released Plaintiff Parties" means the Lead Plaintiff, Class Plaintiffs and Class Counsel, and each and all of their past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, attorneys, advisors, investment advisors, personal or legal representatives, agents, assigns, executors, estates, administrators, related or affiliated persons or entities, predecessors, successors, parents, subsidiaries, affiliated variable interest entities, divisions and joint ventures; the Class Plaintiffs' immediate family members, spouses and marital communities; and any trust of which the Lead Plaintiff, any Class Plaintiff or Class Counsel is the settlor or which is for the benefit of any of their immediate family members.

(z)     "Releasing Parties" means individually and collectively Lead Plaintiff and each Class Plaintiff, whether or not they object to the Settlement set forth in this Stipulation, and whether or not they make a claim for payment from the Net Settlement Fund.

(aa)    "Section 16(b) Interests" means the rights, interest or title to any potential proceeds obtained in prosecuting any enforcement rights under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), that MGT, to the maximum extent permitted by law, assigns to the Class as part of the Settlement.

(bb)    "Settled Claims" means any and all claims, debts, demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether known or "Unknown" (as defined below), whether based on federal, state, local, statutory, common or foreign law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, and whether matured or un-matured, that (i) have been asserted in the AC, or (ii) could have been asserted in the Action or any other forum by the Releasing Parties against any of the Released Parties, which arise out of, or are based upon or related in any way to, the allegations, transactions, facts, reports, communications, matters or occurrences, representations or omissions involved in the AC. Excluded from Settled Claims are claims based upon, relating to, or arising out of the interpretation or enforcement of the Settlement.

(cc)    "Settled Defendants' Claims" means all claims, debts, demands, rights, liabilities, sanctions, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees,

- 10 -

and any other costs, expenses or liabilities whatsoever), whether known or "Unknown" (as defined below), whether based on federal, state, local, statutory, common or foreign law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, and whether matured or un-matured, that any Released Party may have against any of the Released Plaintiff Parties that arise out of or relate in any way to the Action or the Settled Claims, the institution, prosecution, settlement or resolution of the Action or the Settled Claims, except claims based upon, relating to, or arising out of the interpretation or enforcement of the Settlement.

(dd)    "Settlement" means settlement of the Action on the terms set forth in this Stipulation.

(ee)    "Settlement Fairness Hearing" means the hearing to be scheduled by the Court to review the Settlement and determine whether it is fair and adequate and should be approved.

(ff)    "Settlement Fund" means: (i) US $750,000 in cash to be paid by or on behalf of the Defendants and to be held by the Escrow Agent; and (ii) any earnings on any such monies.

(gg)    "Defendants" means Defendants MGT Capital Investments, Inc., and Robert B. Ladd.

(hh)    "Defendants' Counsel" means Kramer Levin Naftalis & Frankel, LLP, as counsel for Defendant MGT, and Cooley LLP, as counsel for Defendant Robert B. Ladd.

(ii)    "Taxes" has the meaning ascribed to that term in ¶10(c) below.

(jj)    "Unknown Claims" means any and all Settled Claims against the Released Parties, which the Releasing Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, and any Settled Defendants' Claims against the Released Plaintiff Parties which the Released Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Parties or Released Parties might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and

- 11 -

all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, Lead Plaintiff and the Released Parties shall have expressly waived, and each Class Plaintiff shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or any foreign jurisdiction, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542.

The Releasing Parties and Released Parties may hereafter discover facts other than or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims and Settled Defendants' Claims. Nevertheless, Lead Plaintiff and the Released Parties shall expressly, fully, finally, and forever settle and release, and each Class Plaintiff, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Settled Claims and Settled Defendants' Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and the Released Parties acknowledge, and Class Plaintiffs shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims were separately bargained for and were key elements of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

1. The obligations incurred pursuant to this Stipulation shall be in full and final disposition of: (a) the Action against the Defendants; (b) any and all Settled Claims; and (c) any and all Settled Defendants' Claims.

2. (a) Upon the Effective Date of this Settlement, Lead Plaintiff and all Class Plaintiffs, on behalf of themselves and each of the Releasing Parties: (i) shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged all Settled Claims, regardless of whether such Class Plaintiff executes and delivers a Proof of Claim; (ii) shall forever be enjoined from prosecuting any Settled Claim against any of the Released Parties; and (iii) agree and covenant not to sue any of the Released Parties on the basis of any Settled Claims, or, unless required by subpoena or other operation of law, to assist any third party in commencing or maintaining any suit against the Released Parties related to any Settled Claims. However, for the sake of clarity, Lead Plaintiff, Class Plaintiffs, and all of the Releasing Parties shall retain the right to submit a claim and receive further remuneration from any funds recovered by the United States Securities and Exchange Commission in connection with its litigation against any of the Released Parties, through the mechanism of a Fair Fund or any similar disgorgement process.

(b) Upon the Effective Date of this Settlement, each of the Defendants and the Released Parties: (i) shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released and discharged each and all of the Released Plaintiff Parties from each and every one of the Settled Defendants' Claims; (ii) shall forever be enjoined from prosecuting the Settled Defendants' Claims; and (iii) agrees and covenants not to sue any of the Released Plaintiff Parties on the basis of any Settled Defendants' Claims or to assist any third party

- 13 -

in commencing or maintaining any suit against the Released Plaintiff Parties related to any Settled Defendants' Claims.

(c)     The releases provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event.

## THE SETTLEMENT CONSIDERATION

3.     In consideration of the releases provided herein and in full settlement of the Settled Claims, MGT, on behalf of the Defendants:

(a)     Shall cause US $750,000 (the "Settlement Amount") to be transferred to the Escrow Agent within twenty (20) business days after: (i) the District Court enters an Order providing for Preliminary Approval of the Settlement, and (ii) Class Counsel has provided to Defendants' Counsel an executed W-9 and the name of the payee.

(b)     Simultaneously with transfer of the Settlement Amount as described in Section 3(a) above, shall be deemed to (i) reject Lead Plaintiffs' demand to recover "short swing" profits from statutory insiders' trades that took place during the Class Period, pursuant to Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), and (ii) to the maximum extent permitted by law, assign any and all rights, interest or title to any potential proceeds obtained in prosecuting any claims under Section 16(b) against third parties to the Class.

## CONFIRMATORY DISCOVERY

4.     Reasonable Confirmatory Discovery (defined below) shall be undertaken, pursuant to a stipulated confidentiality agreement providing that confirmatory discovery shall be provided to Class Counsel and may be used for the purposes of assessing the proposed settlement's fairness. Such Confirmatory Discovery may also be used in seeking to prosecute Section 16(b) claims to recover short swing trading profits from third parties for the benefit of the Class, or to pursue other

- 14 -

additional claims against third parties in connection with the events and circumstances underpinning the claims in the Action. For the sake of clarity, the Parties acknowledge and agree that the Confirmatory Discovery shall not be used in any manner against the Released Parties.

5.      MGT has agreed to provide Lead Plaintiff with all documents previously produced by MGT to the SEC in connection with the SEC's investigation of MGT (the "Confirmatory Discovery"). Under the circumstances, Lead Plaintiff and Class Counsel agree that such production shall constitute reasonable discovery to allow Plaintiffs and Plaintiffs' Counsel to evaluate the fairness, reasonability and adequacy of the Settlement.

6.      If, as a result of reviewing the confirmatory discovery, Lead Plaintiff reasonably and in good faith no longer believes that the Settlement is fair, reasonable and adequate, Lead Plaintiff may terminate the Settlement within 10 days after the production of such confirmatory discovery by providing written notice of its election to do so to Defendants' counsel, and all such confirmatory discovery will be promptly returned to MGT and/or confirmed to be destroyed.

7.      Production of confirmatory discovery by MGT began before June 18, 2019, and was completed no later than 60 days after its commencement.

## USE OF SETTLEMENT FUND

8.      (a)      The Settlement Fund, net of Taxes, if any, on the income thereof, shall be used to pay: (i) the notice and administration costs of the Settlement referred to in ¶12 hereof; (ii) any Fee and Expense Award made by the Court; and (iii) any remaining administration expenses referred to in ¶25 hereof and any other attorney and administrative costs, fees, payments, or awards subsequently approved by the Court. The balance of the Settlement Fund after the above payments shall be the "Net Settlement Fund," which shall be distributed to the Authorized Claimants as provided in ¶¶15-17 hereof. Any portions of the Settlement Fund required to be held in escrow prior to the Effective Date shall be held by the Escrow Agent for the Settlement Fund. The

- 15 -

Settlement Fund held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Net Settlement Fund shall be distributed to Authorized Claimants, or returned to the Defendants pursuant to this Stipulation and/or further order of the Court. The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Court. The Escrow Agent shall be responsible for investing the Settlement Fund in short-term (up to one-year maturity) United States agency or Treasury securities or other instruments backed by the full faith and credit of the United States government or an agency thereof, or fully insured by the United States government or an agency thereof, including a United States Treasury money market fund or a bank account that is either (i) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (ii) secured by instruments backed by the full faith and credit of the United States government. The proceeds of these instruments or accounts shall be reinvested in similar instruments or accounts at their then-current market rates as they mature. In the event that the yield on securities identified herein is negative, in lieu of purchasing such securities all or any portion of the Settlement Fund held may be deposited in a non-interest-bearing account that is fully insured by the FDIC. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund and not by the Released Parties.

(b)     If there is any balance remaining in the Settlement Fund after six months from the date of distribution of the Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), or as reasonably soon thereafter, the Claims Administrator shall, if logistically feasible and economically justifiable, make a further distribution of such balance among Authorized Claimants in an equitable fashion. After any reallocation, or if a reallocation is

- 16 -

not undertaken, any balance that still remains in the Settlement Fund shall be donated to The Legal Aid Society of New York, a non-sectarian, §501(c)(3) non-profit organization.

9.      Lead Plaintiff and Class Plaintiffs shall look solely to the Settlement Fund and the other consideration provided for herein as full, final, and complete satisfaction of all Settled Claims against the Released Parties. Except as set forth in ¶3 above, Defendants shall have no obligation under this Stipulation or the Settlement to pay or cause to be paid any amount of money, and Defendants shall have no obligation to pay or reimburse any fees, expenses, costs, liability, losses, Taxes, or damages whatsoever alleged or incurred by Lead Plaintiff, by any Class Plaintiff, or by any Releasing Party, including but not limited to their attorneys, experts, advisors, agents, or representatives, with respect to the Action and Settled Claims. Lead Plaintiff and Class Plaintiffs shall be deemed to acknowledge that, as of the Effective Date, the releases given herein shall become effective immediately by operation of the Final Judgment and shall be permanent, absolute, and unconditional.

## TAX TREATMENT OF SETTLEMENT FUNDS

10.     (a)      The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1, and agree not to take any position for Tax purposes inconsistent therewith. The Settlement Fund, less any amounts incurred for notice, administration, and/or Taxes, plus any accrued interest thereon, shall revert to the person(s) making the deposits, as provided in ¶27 below, if the Settlement does not become effective for any reason, including by reason of a termination of the Settlement pursuant to ¶¶26 or 27 herein. The Settlement Fund includes any interest earned thereon.

        (b)      For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund. The Escrow Agent shall timely and properly file all income, informational, and other tax returns

necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)). Such returns shall be consistent with the provisions of this ¶6 and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(c)     All (i) taxes or other similar imposts or charges (including any estimated taxes, interest, penalties, or additions to tax) arising with respect to the income earned by the Settlement Fund, including any taxes that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1 (or any relevant equivalent for state tax purposes); and (ii) other taxes or tax expenses imposed on or in connection with the Settlement Fund including expenses of tax attorneys and accountants (collectively "Taxes"), shall promptly be paid out of the Settlement Fund by the Escrow Agent without prior order from the Court. The Escrow Agent shall also be obligated to, and shall be responsible for, withholding from distribution to Class Plaintiffs any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes. The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

(d)     Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund;

or (v) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. The Escrow Agent shall indemnify and hold harmless the Released Parties from and against any claims, liabilities, or losses relating to the matters addressed in the preceding sentence. The Escrow Agent may use funds from the Settlement Fund to indemnify the Released Parties but any indemnification obligation by the Escrow Agent shall not be limited by the amounts available in the Settlement Fund.

## CLAIMS ADMINISTRATOR

11.     The Claims Administrator shall administer and calculate the claims that shall be allowed and shall oversee distribution of the Settlement Fund subject to the jurisdiction of the Court. The Claims Administrator agrees to be subject to the jurisdiction of the Court with respect to the administration of the Settlement and the distribution of the Settlement Fund pursuant to the terms of this Stipulation. The Released Parties shall have no role in, or responsibility for, the administration of the Settlement and shall have no liability to Lead Plaintiff, the Class, or any other Person in connection with, as a result of, or arising out of such administration.

## PAYMENT OF ADMINISTRATION EXPENSES

12.     Class Counsel may pay from the Settlement Fund, without further approval from Defendants or the Court, the reasonable costs and expenses associated with Notice to the Class and the administration of the Settlement, including, without limitation, the actual costs of Notice (including the actual costs of publishing, printing, and mailing the Postcard Notice, reimbursement to nominee owners for forwarding the Postcard Notice to their beneficial purchasers/owners), and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted claims, and the fees, if any, related to the Escrow Account and the investment of the Settlement Fund. All costs and expenses incurred in

- 19 -

connection with the administration of the Settlement shall be paid from the Settlement Fund subject to approval from the Court.

## ATTORNEYS' FEES AND EXPENSES

13.     Class Counsel will submit an application or applications (the "Fee and Expense Application") to the Court for an award from the Settlement Fund of: (a) attorneys' fees not to exceed 25% of the Settlement Fund; (b) reimbursement of litigation expenses; and (c) the reasonable costs and expenses (including lost wages) incurred by Lead Plaintiff in conjunction with its representation of the Class. Defendants will take no position regarding the Fee and Expense Application. Attorneys' fees, expenses, and interest as are awarded by the Court to Class Counsel shall be paid from the Settlement Fund to Class Counsel immediately upon entry by the Court of an order awarding such amounts, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to repay those amounts to the Settlement Fund plus accrued interest at the same net rate as is earned by the Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed or return of the Settlement Fund is required consistent with the provisions of ¶31 hereof. In such event, Class Counsel shall, within ten (10) business days from the event which requires repayment of the fee or expense award, refund to the Settlement Fund the fee and expense award paid to it, along with interest, as described above.

14.     Notwithstanding any other provision of this Stipulation to the contrary, the Fee and Expense Application to be paid out of the Settlement Fund shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to terminate or

- 20 -

cancel this Stipulation or the Settlement of the Action, or affect the finality or binding nature of any of the releases granted hereunder. Class Counsel may determine and distribute the attorneys' fees among other plaintiff's counsel in a manner which, in Class Counsel's sole discretion, they believe reflects the contributions of such counsel to the prosecution and settlement of the Action with Defendants and the benefits conferred on the Class. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment or allocation of attorneys' fees or expenses to Class Counsel, or to any other plaintiffs' counsel.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

15.     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the "Net Settlement Fund" based upon each Authorized Claimant's Recognized Claim as defined in the Plan of Allocation described in the Notice annexed as Exhibit A-1 to Exhibit A hereto, or in such other Plan of Allocation as the Court approves.

16.     The Plan of Allocation set forth in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved. The Released Parties will take no position with respect to the proposed Plan of Allocation or such Plan of Allocation as may be approved by the Court. The Plan of Allocation is a matter separate and apart from the Settlement between the Parties, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.

17.     Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim compared to the total Recognized Claims of all accepted claimants, as those terms are defined in the Plan of Allocation. The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement. Defendants shall not be entitled to get back any of the settlement monies, or interest earned thereon, once the Settlement becomes final. The Released Parties shall have no involvement in reviewing, evaluating, approving, or challenging

claims, and shall have no responsibility, liability, or authority for determining the allocation of any payments to any Class Plaintiffs or for any other matters pertaining to the Plan of Allocation.

## ADMINISTRATION OF THE SETTLEMENT

18. Any member of the Class who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

19. The Claims Administrator shall process the Settlement based upon the Proofs of Claim, which may be submitted in connection with this Settlement, and, after entry of the Class Distribution Order, shall distribute the Net Settlement Fund in accordance with the Class Distribution Order. No later than seven (7) calendar days after entry of the Order for Notice and Hearing, MGT shall provide to Class Counsel, or the Claims Administrator, whatever information it possesses, or with reasonable effort can obtain, listing the names and last known addresses of the persons and entities who were MGT shareholders of record during the Class Period. Except for this obligation and their obligation to fund the Settlement or cause it to be funded, Defendants shall have no liability, obligation, or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund. Class Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Class Counsel may reasonably deem to be formal or technical defects in any Proofs of Claim submitted, including, without limitation, failure to submit a document by the submission deadline, in the interests of achieving substantial justice.

20. For purposes of determining the extent, if any, to which a Class Plaintiff shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Class Plaintiff shall be required to submit a Proof of Claim (in substantially the form set forth in Exhibit A-3 to Exhibit A hereto) which, *inter alia*, releases all of that Class Plaintiff's Settled Claims, is signed under penalty of perjury, and is supported by such documents or proof as Class Counsel and/or the Claims Administrator, in their discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date specified in the Postcard Notice and Notice, unless such period is extended by Order of the Court. Any Class Plaintiff who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Plaintiff is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in the Action and the releases provided for herein, and shall be barred from bringing any action against the Released Parties concerning the Settled Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine, in accordance with this Stipulation, the approved Plan of Allocation, and any applicable orders of the Court, the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below. The Released Parties

- 23 -

shall not have any role in, or responsibility or liability to any Person or entity for, the solicitation, review, evaluation, approval, or rejection of any Proofs of Claim;

(d) Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in that claimant's submitted Proof of Claim. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

(e) If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within ten (10) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court; and

(f) The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

21. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery pursuant to the Federal Rules of Civil Procedure, provided that such investigation and discovery

- 24 -

shall be limited to that claimant's status as a Class Plaintiff and the validity and amount of the claimant's claim. No discovery shall be allowed to be directed to Defendants or any of the Released Parties, and no discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

22.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Plaintiffs. All Class Plaintiffs whose claims are not approved by the Court shall be barred from any participation in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims. No Person shall have any claim against the Lead Plaintiff or its counsel (including Class Counsel), or any claims administrator, or other agent designated by Class Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or any order(s) of the Court.

23.     All proceedings with respect to the administration, processing, and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not delay or affect the finality of the Final Judgment.

## DISTRIBUTION OF NET SETTLEMENT FUND

24.     The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date and after: (a) the Net Settlement Fund has been fully funded, pursuant to ¶3(a), above; (b) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or

- 25 -

disallowance; (c) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (d) all matters with respect to the Fee and Expense Application have been resolved by the Court, all appeals therefrom have been resolved or the time therefore has expired; and (e) all fees and costs of administration have been paid.

25.     Class Counsel will apply to the Court for entry of a Class Distribution Order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to or for the account of Authorized Claimants, as the case may be.

## TERMS OF ORDER FOR NOTICE OF HEARINGS

26.     Promptly after this Stipulation has been fully executed, Class Counsel shall apply to the Court by motion on notice for entry of the Order for Notice and Hearing, substantially in the form annexed hereto as Exhibit A, and Defendants shall join (upon Class Counsel's request) in requesting entry of such an Order. Class Counsel and Defendants shall jointly request that the postmark deadline for objecting and/or submitting exclusions from this Settlement be set at least thirty (30) calendar days prior to the Settlement Fairness Hearing. Upon receiving any objection(s) and/or request(s) for exclusion ("Requests for Exclusion"), the Claims Administrator shall promptly notify Class Counsel and Defendants' Counsel of such objection(s) and/or Requests for Exclusion.

## TERMS OF FINAL JUDGMENT

- 26 -

27.     If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Defendants' Counsel shall jointly request that the Court enter a Final Judgment substantially in the form annexed as Exhibit B hereto.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATIONS

28.     The Effective Date of Settlement shall be the date when all the following shall have occurred and shall be conditioned on the occurrence of all of the following events:

(a)     the Settlement Amount has been paid into the Settlement Fund by or on behalf of the Defendants as required by the Stipulation;

(b)     entry of the Order for Notice and Hearing in all material respects in the form attached hereto as Exhibit A;

(c)     final approval by the Court of the Settlement, following notice to the Class and a hearing;

(d)     MGT has not exercised its option to terminate the Stipulation pursuant to ¶30 below;

(e)     no party has exercised his, her, or its rights to terminate the Stipulation pursuant to ¶30 below;

(f)     entry by the Court of a Final Judgment, substantially in the form of Exhibit B annexed hereto, and the Final Judgment becomes Final, or, in the event that the Court enters a final judgment in a form other than that provided above ("Alternative Judgment") and neither Lead Plaintiff nor any Defendant elects to terminate this Settlement, the date that such Alternative Judgment becomes Final.

29.     Notwithstanding any other provision herein, any proceeding or order, or motion for reconsideration, appeal, petition for a writ of certiorari or its equivalent pertaining solely to any

- 27 -

Plan of Allocation and/or Fee and Expense Application, shall not in any way delay or preclude the Effective Date.

30.     Lead Plaintiff and the Defendants, through their respective counsel, shall, in each of their separate discretions, have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days of the date on which: (a) the Court files an order declining to enter the Order for Notice and Hearing in any material respect; (b) the Court files an order refusing to approve this Stipulation or any material part of it; (c) the Court files an order declining to enter the Final Judgment in any material respect; (d) the Final Judgment is modified or reversed by a court of appeal or any higher court in any material respect; or (e) an Alternative Judgment is modified or reversed by a court of appeal or any higher court in any material respect. Notwithstanding this paragraph, the Court's determination as to the Fee and Expense Application and/or any Plan of Allocation, or any determination on appeal from any such order, shall not provide grounds for termination of the Stipulation or Settlement.

31.     Except as otherwise provided herein, in the event the Settlement is terminated in accordance herewith, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties to this Stipulation shall be deemed to have reverted to their respective litigation positions in the Action as of May 28, 2019, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Fund previously paid by or on behalf of Defendants, together with any interest earned thereon (and, if applicable, re-payment of any attorneys' fee and expense award referred to in ¶13 hereof), less any Taxes due with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund

- 28 -

shall be returned to any Person who funded the Settlement Fund in proportion to the amount paid within ten (10) business days from the date of the event causing such termination. At the request of Defendants' Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to such Persons that paid into the Settlement Fund, pro rata, in accordance with the amounts paid by such Persons.

## NO ADMISSION OF WRONGDOING

32.     Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of any Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives. Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims relating to indemnification, advancement, or any undertakings by an indemnified party to repay amounts advanced or paid by way of indemnification or otherwise.

33.     Defendants deny that they have committed any act or omission giving rise to any liability and/or violation of law, and state that they are entering into this Settlement to eliminate the burden and expense of further litigation. This Stipulation, whether or not consummated, including any and all of its terms, provisions, exhibits, and prior drafts, and any negotiations or proceedings related or taken pursuant to it:

(a)     shall not be offered or received against any Settling Defendant as evidence of a presumption, concession, or admission by any Settling Defendant with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that has been or could have been asserted in the Action or any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or any litigation;

(b)     shall not be offered or received against any Settling Defendant as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or

- 29 -

wrongdoing, or in any way referred to for any other reason as against any Settling Defendant in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court and becomes effective pursuant to its terms, the Defendants may refer to it to effectuate the liability protection granted them hereunder;

(c)     shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff or any of the Class Plaintiffs that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the AC would not have exceeded the Settlement Fund; and

(d)     notwithstanding the foregoing, the Defendants, Lead Plaintiff, Class Plaintiffs, and/or the Released Parties may file the Stipulation and/or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, offset or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. This ¶33 shall survive the termination of this Stipulation.

## MISCELLANEOUS PROVISIONS

34.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein, and are material and integral parts hereof.

35.     MGT represents, based on current knowledge, information and belief, that at the time MGT will make payment or cause payment to be made pursuant to ¶3 above, MGT will not be insolvent, nor will such payment render MGT insolvent.

36.     If a case is commenced in respect of MGT or any Insurer contributing funds to the Settlement Fund on behalf of Defendants under Title 11 of the United States Code (Bankruptcy) or similar domestic or foreign law, or if a trustee, receiver, conservator, or other fiduciary is

appointed under any similar domestic or foreign law, and in the event of the entry of a final order of a court of competent jurisdiction determining that the transfer of money or any portion thereof to the Settlement Fund by or on behalf of the Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly re-deposited into the Settlement Fund by others on behalf of the Defendants, then, at the sole discretion of Class Counsel, the Settling Parties shall jointly move the Court to vacate and set aside the releases given and any Judgment entered in favor of the Defendants and the other Released Parties pursuant to this Stipulation, which releases and Judgment shall then be null and void, and the Settling Parties shall be restored to their respective positions in the Action immediately prior to the date hereof, and any cash amounts in the Settlement Fund shall be returned in accord with the provisions of ¶31 above.

37.     The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and/or any Class Plaintiff against the Released Parties with respect to the Action and the Settled Claims. Accordingly, Lead Plaintiff and the Defendants agree not to assert in any judicial proceeding that the Action was brought by Lead Plaintiff or defended by the Defendants in bad faith. The Parties hereto further agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure, and agree not to assert in any judicial proceeding that any party violated Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, defense, litigation, and/or resolution of the Action. The Parties agree that the amount to be paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily.

- 31 -

38.     All agreements made and orders entered during the course of this Action relating to the confidentiality of documents and information shall survive the Stipulation pursuant to their terms.

39.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto or their respective successors.

40.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

41.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders relating to the award of attorneys' fees and expenses, the Plan of Allocation, and the enforcement of the terms of this Stipulation.

42.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

43.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the Parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation and its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

44.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts. Signatures sent by facsimile or PDF'd via email by Class Counsel or Defendants' Counsel shall be deemed originals.

45.     Lead Plaintiff and Defendants represent and warrant that they have not assigned, pledged, loaned, hypothecated, conveyed, or otherwise transferred, voluntarily or involuntarily, to any other person or entity, the Settled Claims, or any interest in or part or portion thereof, specifically including any rights arising out of the Settled Claims.

46.     This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and legal representatives of the Parties hereto. No assignment shall relieve any Party hereto of obligations hereunder.

47.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the state of New York, without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

48.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

49.     Each counsel and each other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

50.     Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, of the Stipulation, and of the Settlement, and in consummating the Settlement in accordance with its terms, and further agree to

promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

51.     Neither MGT nor any other Settling Defendant nor any of their counsel shall, directly or indirectly, solicit or encourage any Person to request exclusion from the Class.

52.     Pending approval by the Court of this Stipulation, all proceedings in this Action against the Defendants shall be stayed.

53.     Except as otherwise provided herein, each party shall bear its own costs.

54.     By entering into this Stipulation, the Defendants accept service of the AC, agree to submit to the jurisdiction of this Court, and waive any potential defenses relating to service of process in connection with the effectuation of this Settlement of this Action.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED:  September 24, 2019

LEVI & KORSINSKY, LLP

BY: _____

      Shannon L. Hopkins, Esq.
      Sebastian Tornatore, Esq.
      1111 Summer Street, Suite 403
      Stamford, CT 06905
      Tel.: (203) 992-4523
      Fax: (212) 363-7171

      - and -

      Donald J. Enright
      Elizabeth K. Tripodi
      John A. Carriel
      1101 30th Street, N.W., Suite 115
      Washington, DC 20007
      Tel.: (202) 524-4290
      Fax: (202) 333-2121

*Counsel for Lead Plaintiff and the Class*

KRAMER LEVIN NAFTALIS & FRANKEL LLP

BY: _____

      Jeffrey W. Davis
      John P. Coffey
      Daniel M. Ketani
      Karen S. Kennedy
      1177 Avenue Of The Americas
      New York, NY 10036
      Tel.: (212) 715-9172
      Fax: (212) 715-7509

*Counsel for Defendant MGT Capital Investments, Inc.*

COOLEY LLP

BY: _____

      Randall R. Lee
      1333 2nd Street, Ste. 400
      Santa Monica, CA 90401
      Tel.: (310) 883-6400
      Fax: (310) 883-6500

*Counsel for Defendant Robert B. Ladd*