UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIRT GUYER, *individually and on behalf of all others similarly situated*,

                Plaintiff,

– against –

MGT CAPITAL INVESTMENTS, INC., *and* ROBERT B. LADD,

                Defendants.

**ORDER**

18 Civ. 9228 (ER)

RAMOS, D.J.:

    Kirt Guyer initiated this action on October 9, 2018 individually and on behalf of all other persons similarly situated against MGT Capital Investments, Inc. ("MGT"), Robert B. Ladd, John McAfee, Robert S. Lowrey, Barry C. Honig, John Stetson, Michael Brauser, John O'Rourke III, and Mark Groussman, alleging violations of federal securities law. Doc. 1. On May 14, 2019, an Amended Complaint was filed by Peter Oh, Kevin Joo Hoon Koo, Sam Koo, Dae C. Paek, and Monica Paek ("Lead Plaintiffs") on behalf of themselves and others similarly situated against MGT and Robert B. Ladd. Doc. 48. The case was subsequently terminated as to Kirt Guyer, John McAfee, Robert S. Lowrey, Barry C. Honig, John Stetson, Michael Brauser, John O'Rourke III, and Mark Groussman.

    The parties entered into a Stipulation and Agreement of Settlement on September 24, 2019 (the "Settlement Agreement"). Doc. 53, Ex. 1. Before the Court is Lead Plaintiffs' unopposed motion for preliminary approval of the proposed class action settlement.[1] Doc. 51. Lead Plaintiffs request that the Court: (1) preliminarily certify the

---

[1] The Court notes that a limited objection has been filed by Bob Thomas, plaintiff in a verified shareholder derivative action brought on behalf of MGT currently pending in the Supreme Court of the State of New York, County of Westchester, to the extent that the Settlement Agreement can be construed to release his claims. Doc. 56.

settlement class; (2) appoint Lead Plaintiffs as class representatives, their counsel as lead counsel, and Strategic Claims Services as the claims administrator; (3) preliminarily approve the settlement; (4) approve the form and content of the notice, the postcard notice, and the claim form (the "Notice Materials"), as well as the procedures for distributing these documents; and (5) set a date and time for a fairness hearing. For the reasons stated below, the motion is GRANTED.

### I. PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS

The proposed class includes "all persons who purchased or otherwise acquired the securities of MGT between October 9, 2015, and September 7, 2018, inclusive [and were damaged thereby]," (the "Settlement Class").[2] Doc. 52 at 17.

Preliminary settlement approval, provisional class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed Agreement, and setting the date and time of the final approval hearing. *See, e.g., In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790–92 (3d Cir. 1995) (noting practical purposes of provisionally certifying settlement class); *Almonte v. Marina Ice Cream Corp.*, No. 16 Civ. 00660 (GBD), 2016 WL 7217258, at *1–2 (S.D.N.Y. Dec. 8, 2016) (same). In examining potential conditional certification of the settlement class, the Court has considered: (1) the allegations, information, arguments and authorities cited in the motion for preliminary approval and supporting memorandum and declarations; (2) the allegations information, arguments, and authorities provided by the parties in connection

---

[2] Certain individuals are excluded from the Settlement Class. These include "(i) all Defendants; (ii) all current or former officers, directors or partners of MGT, its affiliates, parents or subsidiaries; any corporation, trust or other entity in which any Defendant has or had a controlling interest; (iii) the members of the immediate families of the Individual Defendants; (iv) the parents, subsidiaries and affiliates of MGT; (v) the legal representatives, heirs, successors, or assigns of any excluded Person; and (vi) any Person who timely and validly seeks exclusion from the Class in accordance with the requirements of the Notice." Doc. 52 at 17 n.3; *see also* Doc. 53, Ex. 1 at 6.

with the pleadings and motions filed by each of them in this case; (3) Defendant's agreement not to oppose conditional certification of the settlement class; (5) the terms of the Settlement Agreement, including, but not limited to, the definition of the settlement class; and (6) the elimination of the need, on account of the settlement, for the Court to consider any trial manageability issues that might otherwise bear on the propriety of class certification.

The Court finds (exclusively for the present purposes of evaluating the settlement) that Lead Plaintiffs meet all the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). As required under Rule 23(a), Lead Plaintiffs have demonstrated that the class is sufficiently numerous, that there are common issues across the class, that the Lead Plaintiffs' claims are typical of the class, and that the Lead Plaintiffs and their attorneys would be effective class representatives and class counsel, respectively. The Court also finds that the common issues identified by Lead Plaintiffs predominate over any individual issues in the case such that a class action is superior in this context to other modes of litigating this dispute. Because the class certification request is made in the context of settlement only, the Court need not address issues of manageability. The Court therefore concludes that the purported Class satisfies the elements of Rule 23(b)(3). Accordingly, pursuant to Rule 23(c) and (e), the court certifies this class for the purposes of settlement, notice, and award distribution only.

Should this settlement not receive final approval, be overturned on appeal, or otherwise not reach completion, the class certification granted above shall be dissolved immediately upon notice to the parties, and this certification shall have no further effect in this case or in any other case. Lead Plaintiffs will retain the right to seek class and collective certification in the course of litigation, and Defendants will retain the right to oppose class and collective certification. Neither the fact of this certification for settlement purposes only, nor the findings made herein, may be used to support or oppose

any party's position as to any future class or collective certification decision in this case, nor shall they otherwise have any impact on such future decision.

## II. APPOINTMENT OF CLASS REPRESENTATIVES, CLASS COUNSEL, AND CLAIMS ADMINISTRATOR

Lead Plaintiffs are conditionally certified as class representatives, and Levi & Korsinsky, LLP is conditionally appointed as lead counsel for the Settlement Class. The Court approves the appointment of Strategic Claims Services as the claims administrator.

## III. PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT

The Settlement Agreement provides a recovery of $750,000 in cash "to fully, finally, and forever resolve, discharge, release and settle the Settled Claims." Doc. 53, Ex. 1 at 1. The Court has reviewed the terms of the Settlement Agreement and the description of the settlement process in the motion papers. Based on that review, the Court concludes that the settlement is within the range of possible settlement approval.

The Court has also read and considered the declarations of Donald J. Enright and of the Lead Plaintiffs in support of preliminary approval. Docs. 53–54. Based on review of these declarations and their accompanying exhibits, the Court concludes that the Settlement Agreement was negotiated at arm's length and is not collusive. The Court further finds that counsel were fully informed about the strengths and weaknesses of the class's case, including the difficulties associated with obtaining recovery, when they entered into the Settlement Agreement.

As to the proposed plan of allocation, the Court finds that the proposed plan is also within the range of possible approval such that notice to the Class is appropriate.

Accordingly, the Court hereby grants preliminary approval of the Settlement Agreement.

## IV. APPROVAL OF THE NOTICE MATERIALS, AS WELL AS THE PROCEDURES FOR DISTRIBUTING THESE DOCUMENTS

The Notice Materials appear to be the best notice practical under the circumstances and appear to allow potential class members a full and fair opportunity to

consider the parties' proposed settlement and develop a response. The Notice Materials fairly, plainly, accurately, and reasonably inform class members of: (1) appropriate information about the nature of this litigation, the settlement class at issue, the identity of class counsel, and the essential terms of the Settlement Agreement; (2) appropriate information about class counsel's forthcoming application for attorneys' fees and other payments that will be deducted from the settlement fund; (3) appropriate information about how to participate in the settlement; (4) appropriate information about this Court's procedures for final approval of the settlement and the Settlement Agreement; (5) appropriate information about how to challenge or opt-out of the settlement; and (6) appropriate instructions as to how to obtain additional information regarding this litigation, the settlement, and the Settlement Agreement.

The proposed plan for distributing the Notice Materials appears to be a reasonable method calculated to reach all class members who would be bound by the settlement. This satisfies the notice requirements of Federal Rule of Civil Procedure 23(e) and all other legal and due process requirements.

## V.   CONCLUSION

Accordingly, the Court hereby Orders as follows:

- The Settlement Class is preliminarily certified, and the Settlement Agreement is Preliminarily approved.

- Lead Plaintiffs are conditionally certified as class representatives; Levi & Korsinsky, LLP is conditionally appointed as lead counsel for the Settlement Class; and Strategic Claims Services is appointed as the claims administrator.

- The form and manner of distributing of distributing the proposed Notice Materials are hereby approved.

- The Notice Materials will be mailed to the Settlement Class no later than thirty-one business days after entry of this Order (the "Notice Date").

- The Summary Notice will be published within ten calendar days of the Notice Date.

- A hearing pursuant to Rule 23(e) will be held before the Court on **May 27, 2020 at 11:00 AM**, at the United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, for the following purposes:

    o To finally determine whether this action satisfies the prerequisites for class action treatment under Rule 23 and whether Lead Plaintiffs and Levi & Korsinsky, LLP should be finally certified as class representatives and lead counsel for the class, respectively;

    o To determine whether the proposed settlement is fair, reasonable, and adequate;

    o To determine whether the proposed plan of allocation for the proceeds of the settlement is fair and reasonable;

    o To consider lead counsel's application for an award of attorneys' fees and expenses;

    o To consider Lead Plaintiffs' requests for the reimbursement of the costs and expenses they incurred in prosecuting this action on behalf of the class;

    o To determine whether final judgment, dismissing the Amended Complaint against Defendants, with prejudice, should be entered;

    o To determine whether the releases contemplated by the Settlement Agreement should become effective; and

    o To determine whether an order should be entered barring and enjoining class members from instituting, commencing, assisting, maintaining or prosecuting, either directly, indirectly, or in a

representative capacity, any action in any court or tribunal asserting any of the settled claims.

- All motions in support of final approval shall be filed no later than April 22, 2020.

- All objections and requests for exclusion shall be filed no later than May 6, 2020.

- All reply papers shall be filed no later than May 20, 2020.

- All claim forms will be submitted no later than May 20, 2020.

SO ORDERED.

Dated:  December 13, 2019
        New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.